# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| STATE OF DELAWARE | ) |
| | ) |
| v. | ) |
| | ) |
| SHAQUAN GUILFORD, | ) Cr. ID. No. 2202008181 |
| | ) |
| Defendant. | ) |

Submitted: November 15, 2023
Decided: November 28, 2023

## ORDER ON DEFENDANT'S
## MOTION FOR APPOINTMENT OF COUNSEL

Upon consideration of Defendant's Motion to Appointment of Counsel and the record in this matter, the following appears to the Court:

On December 14, 2022, Shaquan Guilford ("Defendant") pled guilty to Manslaughter, Possession of a Firearm by a Person Prohibited ("PFBPP"), and Possession of a Firearm During the Commission of a Felony ("PFDCF"). On March 3, 2023, Defendant was sentenced following a pre-sentencing investigation. For Manslaughter, Defendant was sentenced to twenty-five years at Level V, suspended after five years at Level V, for two years at Level III. For PFDCF, Defendant was sentenced to five years at Level V. For PFBPP, Defendant was sentenced to ten years at Level V. The Level V time was to run consecutively. Thus, Defendant's sentence was for twenty years of Level V time, followed by probation.

Defendant filed his initial Rule 61 Motion for Postconviction Relief on April 18, 2023. Defendant subsequently filed one amended motion, and two addenda. Defendant's final submission was on August 17, 2023. At that time, Defendant did not request assistance of counsel and filed each submission *pro se*.

Defendant raises several issues in his postconviction motion. Defendant raises the following in his various submissions:

(1) ineffective assistance of counsel for allegedly not subpoenaing a witness who could have testified that Derek Brown (the "Victim") called and texted Defendant;

(2) ineffective assistance of counsel for allegedly not subpoenaing a witness who could have testified he got a call from Victim's family member, who allegedly told the witness Victim was on his way to kill Defendant;

(3) ineffective assistance of counsel for not obtaining additional surveillance video, call logs, and text messages that may have helped the Defendant with a self-defense argument;

(4) ineffective assistance of counsel for not giving Defendant the autopsy report, redacted witness statements, or photos of the weapon and clothes;

(5) ineffective assistance of counsel for initially having Defendant sign a plea agreement with a higher minimum mandatory time listed than was required, which was later remedied via letter to the Court;

(6) ineffective assistance of counsel for allegedly providing Defendant with Rule 16 discovery three weeks before the defense deadline;

(7) ineffective assistance of counsel for not moving to have a suppression hearing to suppress the surveillance video that recorded the incident— Defendant alleges there were grounds for suppression because the State did not disclose all of the surveillance footage that may have been in favor of the Defendant;

(8) an alleged *Brady* violation by the State for failure to disclose evidence from deleted cell phone calls and text messages between Defendant and Victim;

(9) an alleged *Brady* violation by the State for not disclosing surveillance footage that may have been helpful to Defendant's self-defense argument;

(10) challenges to police integrity for not charging Defendant with possession of cocaine;

(11) ineffective assistance of counsel for failure to challenge police conduct and rigorously question the police officers involved through an evidentiary hearing; and

(12) that his plea was coerced.

By letter dated October 4, 2023, the Court requested additional information.

> Enclosed is a document entitled "Motion to Expand the Record – Rule 61(g)," filed by *pro se* Defendant Shaquan Guilford. Defendant states that he needs his entire "Rule 61." He argues that counsel never gave him the whole "thing."
>
> By letter dated September 21, 2023, the State addresses the absence of certain surveillance footage from the James and Jesse Barbershop. Defendant has argued that he did not see part of the footage prior to entering his plea of guilty. Defense counsel previously has stated that the full two hours of surveillance was not included in the State's May 11, 2022 discovery packet. The State represents that the State's records support the belief that the State sent the full footage as part of the packet. The State said that the Deputies involved in the case do not know how or why Defense counsel never received it. The State suggests the possibility of a data transfer error.
>
> There are three purposes for this letter. First, former Defense counsel may provide the Court with any response or additional information relating to the May 11th letter. No additional submission is required. However,

any Defense counsel filing must be within 30 days of the date of this letter.

Second, it is unclear to the Court what Defendant Guilford is asking the Court to do. Defendant Guilford now has the opportunity to clarify for the Court exactly what action he is requesting.

Third, the State shall confirm whether the full footage still exists and, if so, whether it will provide it to Defendant Guilford.

SO ORDERED.

The State responded by letter dated October 25, 2023:

The State is in receipt of the Court's letter in the above-referenced matter, dated October 4, 2023. The full two-hour surveillance footage from the James and Jesse Barbershop does still exist and the State provided it to defense counsel on September 19, 2023. It is the State's understanding that the Department of Correction does not allow inmates to possess DVDs, so the State has not provided the full two-hour footage to Defendant directly.

Defendant now has filed the instant Motion for Appointment of Counsel, asking that the Court appoint him an attorney pursuant to Superior Court Criminal Rule 61(e). Defendant argues:

Because he is unable to view any of the video evidence turned over by the State, the movant avers that the appointment of counsel would assist him in this instance.

Superior Court Criminal Rule 61(e)(2) expressly provides that the Court "**may** appoint counsel for an indigent movant's first timely postconviction motion and request for appointment of counsel if the motion seeks to set aside a judgment of

conviction that resulted from a plea of guilty or nolo contendere *only* if the judge determines that: (i) the conviction has been affirmed by final order upon direct appellate review or direct appellate review is unavailable; (ii) the motion sets forth a substantial claim that the movant received ineffective assistance of counsel in relation to the plea of guilty or nolo contendere; (iii) granting the motion would result in vacatur of the judgment of conviction for which the movant is in custody; and (iv) specific exceptional circumstances warrant the appointment of counsel."[1]

Upon full review of the record in this matter, the Court find that Defendant's request for counsel to meets Rule 61(e)(2)'s criteria.

**THEREFORE IT IS ORDERED** that Defendant's Motion for Appointment of Counsel is hereby **GRANTED.**  A copy of this Order will be forwarded to the Office of Defense Services for assignment of appointed counsel.  Proceedings on Defendant's postconviction motion will be **STAYED** until such appointed counsel has entered an appearance and the Court has issued an amended scheduling order.

*Mary M. Johnston*
Mary M. Johnston, Judge

Original to Prothonotary
cc:   Mr. Shaquan Guilford, SBI #00649220
      Jamie McCloskey, Deputy Attorney General
      Alicea Brown, Esquire
      John S. Edinger, Esquire
      Stephanie J. Volturo, Esquire, Office of Conflicts Counsel (ODS)

---

[1]   Super. Ct. Crim. R. 61(e)(3) (emphasis added).